UNITED STATES DICTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHALOS & CO., P.C.** | * | |
| Plaintiff | * | **CIVIL ACTION: 2:14-cv-2441** |
| | * | |
| | * | **DIVISION:** |
| v. | * | |
| | * | **JUDGE:** |
| **MARINE MANAGERS, LTD.** and | * | |
| **HOMELAND MARITIME, LTD.** | * | **MAGISTRATE:** |
| Defendant | * | |

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes, Chalos & Co. ("CHALOS" or "Plaintiff" ), and alleges the following:

### PARTIES

**1**

The law firm of Chalos & Co., P.C. ("CHALOS") is a Professional Corporation organized and existing by virtue of the laws of the State of New York, with principal places of business in Oyster Bay, NY; Houston, Texas; and Miami, Florida.

**2**

Defendant Homeland Maritime Ltd. ("HOMELAND") is an incorporated company organized and existing under and by virtue of the laws of a country other than the United States to wit: the Republic of the Marshall Islands, and has no actual principal place of business of its own, but carries on business by and through Defendant Marine Managers, Ltd., which lawfully represents it, and manages and operates HOMELAND's cargo vessel TRIDENT NAVIGATOR, a Marshall Islands flagged ship.

1

**3**

Defendant Marine Managers, Ltd. ("MARINE") is an incorporated company formally organized and existing under and by virtue of the laws of a country other than the United States, to wit the Republic of Liberia, but actually has its principal, actual, and only place of business in the Republic of Greece, where it is formally domiciled, and lawfully represented, in the City of Piraeus, at Skouze Street, No. 1.

## JURISDICTION AND VENUE

**4**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Defendants are citizens of foreign countries, whereas Plaintiff is a citizen of New York, for the purpose of jurisdiction, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Personal jurisdiction over the Defendants exists under and by virtue of Louisiana RS 13:3201.

**5**

Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b).

## FACTUAL ALLEGATIONS

**6**

At all times material hereto HOMELAND was the registered owner of the Marshall Islands flagged Motor Vessel TRIDENT NAVIGATOR (hereinafter also referred to as "the vessel") a bulk carrier type vessel with a deadweight lifting capacity of approximately 75,000 metric tons.

**7**

At all times material hereto MARINE, under contract with HOMELAND, was the Operator of the TRIDENT NAVIGATOR with duties which inter alia included the said vessel's technical, commercial, operational, crewing, victualing, and supplying, management.

**8**

As part of its role as crewing manager of the TRIDENT NAVIGATOR, MARINE engaged for employment on behalf of HOMELAND and on its own behalf officers and crew members to serve onboard, as the complement of the said vessel.

**9**

Among the officers engaged by MARINE to serve onboard the TRIDENT NAVIGATOR was Mr. Matthaios Fafalios ("Mr. Fafalios") who contracted with the Defendants on December 3, 2013 to serve as the vessel's Chief Engineer for a seven month long term of employment.

**10**

Mr. Fafalios joined the vessel on December 4, 2013 while she was loading cargo at the Saudi Arabian port of Al Jubail, which cargo was destined for discharge at the port of New Orleans Louisiana, and on December 6, 2013 undertook the duties of Chief Engineer.

**11**

On or about January 18 and 19, 2014 following the vessel's arrival at the Port of New Orleans, the United States Coast Guard, acting on a tip from one of the lower

ranking engine department crewmembers, undertook an expanded MARPOL[1] investigation to determine whether the vessel had unlawfully discharged engine room oily waste in international waters and had failed to record such activity in the vessel's oil record book in violation of the Act to Prevent Pollution from Ships (33 U.S.C. § 1901 *et seq.*).

**12**

As a result of the investigation by the United States Coast Guard, the TRIDENT NAVIGATOR on or about January 24, 2014 was detained and, in order to obtain her release, MARINE and HOMELAND made an agreement with the United States whereby a sum of $ 800,000 was deposited in escrow in favor of the United States as substitute security for the release of the vessel.  In addition to the escrow deposit MARINE and HOMELAND, under the said Security Agreement, undertook to disembark from the vessel, and *de facto* detain ashore, a number of officers and crew members, including Mr. Fafalios and, pending the further investigation of the case and the trial in any criminal proceedings, to continue paying their monthly wages, victualing, health care and lodging. A copy of Security Agreement between MARINE, HOMELAND and the United States is hereto attached as **EXHIBIT 1.**

**13**

In addition to the obligations that MARINE and HOMELAND undertook towards the officers and crew members of the TRIDENT NAVIGATOR under the Security Agreement, the said Defendants also undertook towards the respective seamen to fund their legal representation in relation to the government's investigation and their legal

---

[1] The International Convention for the Prevention of Pollution From Ships of 1973 as modified by the Protocol of 1978.

defense in any legal proceedings that might follow and appointed legal counsel on their behalf.

**14**

In relation to his legal representation Mr. Fafalios, the former Chief Engineer of the TRIDENT NAVIGATOR, expressed a preference to MARINE and HOMELAND that the attorney to represent him should be George A. Gaitas, a member of the bar of this Honorable Court, and a member of the Plaintiff law firm CHALOS.

**15**

The agreement between MARINE and HOMELAND on the one hand, and CHALOS, on the other, for the representation of Mr. Fafalios was confirmed in a letter-form engagement and retainer agreement between the said parties signed for and on behalf of CHALOS on February 6, 2014 and on behalf of MARINE and HOMELAND on February 17, 2014. A copy of the said engagement and retainer agreement is hereto attached as **EXHIBIT 2**.

**16**

On or about February 6, 2014 CHALOS commenced to provide legal services to Mr. Fafalios in connection with the investigation of the United States and, as the engagement and retainer agreement provided, rendered monthly bills to MARINE and HOMELAND which were paid in due course. However, on June 17, 2014, MARINE and HOMELAND through their legal representatives unilaterally declared the engagement and retainer agreement null and void *ab initio* and repudiated same including their obligation to pay CHALOS any costs, legal fees, and expenses incurred after June

17, 2014, through the conclusion of any criminal proceedings that might be brought against Mr. Fafalios.

**17**

Plaintiff rejected Defendants' anticipatory repudiation of the engagement and retainer agreement, has continued to represent Mr. Fafalios, and has continued to provide MARINE and HOMELAND statements for its services with the total invoiced amount of the account for costs, legal fees, and expenses incurred after June 17, 2014 and up to September 30 having now reached the sum of $118,402.89 which remains unpaid and is due and owing. On each occasion of submission of its bill for professional services rendered CHALOS has renewed its demand for payment and MARINE, and HOMELAND have renewed their repudiation which Plaintiff has rejected.

**18**

Defendants' repudiation of their obligations under the engagement and retainer agreement coincided in time with their own decision to make a negotiated plea agreement with the government, which was formalized on June 27, 2014, whereby MARINE agreed to plead guilty to one count of a violation of the Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a)), and one count of obstruction of justice (18 U.S.C. § 1519).

**19**

Plaintiff's client, Mr. Fafalios, in contrast with the Defendants maintains his innocence of charges similar to the ones in respect of which Defendant MARINE has agreed to enter a plea of guilty and will proceed to a trial by jury which is set to commence on December 8, 2014. Plaintiff, accordingly, continues to provide legal

services in preparing for the trial and anticipates continuing to do so in defending Mr. Fafalios through the conclusion of the trial.[2]

## COUNT ONE - DAMAGES FOR BREACH OF CONTRACT

**20**

At the time of the filing of this Complaint, Plaintiff has provided legal services for which Defendants have contractually bound themselves and agreed to pay. In accordance with the account hereto attached as **EXHIBIT 3** this sum is comprised of legal fees and unreimbursed costs and expenses in the sum of $118,402.89. In addition to the invoiced amount which covers legal fees, costs, and expenses up to September 30, 2014, Plaintiff has provided in the month of October 2014, further, and up to the date of filing this complaint, legal services and costs and expenses in the respective amounts of $ 41,122.50 and $1,815.56, which will be invoiced at the end of October (together with any additional fees, costs and expenses that will have accrued by the date of the issuance of the October, 2014 invoice). Thus up to the date of filing this complaint Defendants are obligated to pay Plaintiff the sum of $ 161,340.95.

**21**

Defendants unilaterally repudiated the engagement and retainer agreement, and failed and refused to pay Plaintiff's fees, costs and expenses. Plaintiff is therefore entitled to damages.

---

[2] *United States v. Matthaios Fafalios*, NO. 14-128 "K" (4), now pending in the United States District Court for the Eastern District of Louisiana.

**22**

Notwithstanding the Defendants' repudiatory assertions that they will not pay Plaintiff's fees, costs, and expenses incurred under the engagement and retainer agreement past June 17, 2014 , the said agreement was and continues to remain valid and enforceable and obligates MARINE and HOMELAND to pay the amount of $161,340.95 and such other and further amounts of professional fees, costs and expenses as will be incurred by Plaintiff for the remaining preparation of the defense and trial of Mr. Fafalios which Plaintiff will bill monthly in accordance with its contractual engagement and retainer agreement.

## COUNT TWO- DECLARATORY JUDGMENT

**23**

Plaintiff CHALOS re-alleges and incorporates by reference Paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

**24**

In accordance with Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, and for the foregoing reasons, Plaintiff seeks a declaratory judgment declaring that the engagement and retainer agreement is valid, subsisting, binding and enforceable against Defendants MARINE and HOMELAND in respect of fees, costs and expenses as might be incurred and invoiced to them in the future in the defense of Mr. Matthaios Fafalios up to the conclusion of his criminal trial and any post-trial remedies that he may be entitled to pursue.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Chalos & Co. P.C., respectfully prays that Defendants, Homeland Maritime, Ltd. and Marine Managers, Ltd. be served with this Complaint and be summoned to appear and answer the same, and that after due proceedings are had, that this Court grant the following relief:

A. A judgment awarding damages to Chalos & Co. P.C. for the sum of $ 161,340.95 representing professional fees, costs and expenses, which are due and owing to Plaintiff by the said Defendants and remain outstanding at the time of filing this Complaint.

B. A judgment awarding damages to Chalos & Co. P.C. for such additional professional legal fees, costs, and expenses as may be incurred and billed to Defendants in relation to the legal representation of Mr. Fafalios from the time of the filing of this complaint through the conclusion of the trial of Mr. Fafalios in the case styled: *United States v. Matthaios Fafalios*, NO. 14-128 "K" (4), now pending in the United States District Court for the Eastern District of Louisiana.

C. A judgment awarding to Chalos & Co: (i) pre-judgment interest for the above and foregoing amounts of professional fees, costs and expenses from the time same were billed to the Defendants and up to the time this Honorable Court enters its final judgment in this matter; (ii) post judgment interest until the outstanding judgment amount has been paid in full; (iii) costs of this action and reasonable attorney fees.

D. In the alternative, and in addition, should the case styled *United States v. Matthaios Fafalios*, NO. 14-128 "K" (4) not be concluded by the time this court reaches the conclusion of the proceedings hereunder, and Plaintiff is likely to incur further and additional billable time, costs and expenses in defending Mr. Fafalios, a judgment

declaring that the engagement and retainer agreement between the parties (**EXHIBIT 2**) subsists, and is valid and enforceable by Plaintiff Chalos & Co., P.C. against Defendants Homeland Marine, Ltd. and Marine Managers, Ltd.

E.  Such other and further relief as the Court deems just, equitable, and proper.

                                    Respectfully Submitted,

Date:  October 24, 2014                CHALOS & Co, P.C.
      Houston, TX

                            By:  /s/ George A. Gaitas
                                   George A. Gaitas
                                   Louisiana State Bar No.05879
                                   Federal Bar No. 705176
                                   7210 Tickner Street
                                   Houston, Texas 77055
                                   Telephone: 713-574-9454
                                   Facsimile: 866-702-4577
                                   E-mail: gaitas@chaloslaw.com

                                   George M. Chalos (GC-8693)
                                   (*pro hac vice application forthcoming*)
                                   55 Hamilton Avenue
                                   Oyster Bay, NY 11771
                                   Telephone: (516) 714-4300
                                   Facsimile:  (516) 750-9051
                                   E-mail: gmc@chaloslaw.com

                                   *Attorneys for Plaintiff Chalos & Co, P.C.*