UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHALOS & CO., P.C. | * CIVIL ACTION |
| | * |
| VERSUS | * NO. 14-2441 |
| | * |
| MARINE MANAGERS, LTD. and | * SECTION " R " |
| HOMELAND MARITIME, LTD. | * |
| | * MAGISTRATE (5) |
| | * |

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Marine Managers, Ltd. ("Marine Managers") and Homeland Maritime, Ltd. ("Homeland Maritime"; collectively with Marine Managers, "Defendants"), who, in response to the Complaint for Declaratory Relief and Damages (the "Complaint") by Chalos & Co., P.C. ("Plaintiff" or "Chalos"), aver as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim, right, or cause of action against the Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to present a justiciable controversy so as to warrant a declaratory judgment under 28 U.S.C. § 2201 and the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of the causes of action stated in the Complaint are not ripe for adjudication.

2379008-1

### FOURTH AFFIRMATIVE DEFENSE

The issues presented in the Complaint are identical to or substantially identical to issues that will be adjudicated in more appropriate forums, and, as such, this Court's discretionary jurisdiction should not be extended to this matter.

### FIFTH AFFIRMATIVE DEFENSE

The contract or agreement forming the basis of Plaintiff's complaint does not reflect a meeting of the minds between the parties thereto, as consent was vitiated by error as to a cause without which the agreement would not have been formed.

### SIXTH AFFIRMATIVE DEFENSE

Defendants lawfully and properly terminated the agreement on which Plaintiff's claims are based on June 17, 2014.

### SEVENTH AFFIRMATIVE DEFENSE

The agreement on which Plaintiff's claims are based is null and void due to a failure of cause.

### EIGHTH AFFIRMATIVE DEFENSE

FURTHER, without waiving any other defenses, and for its answer to each individual allegation, Defendants respond to the allegations of the Complaint as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of Paragraph 2 of the Complaint are denied, except to admit that Homeland Maritime is a company organized pursuant to the laws of the Marshall Islands and

that Marine Managers is the manager of the M/V TRIDENT NAVIGATOR, which vessel sails under the flag of the Marshall Islands.

3.

The allegations in Paragraph 3 of the Complaint are denied, except to admit that Marine Managers is a company organized and existing under the laws of the Republic of Liberia with its principal place of business at Skouze Street No. 1, Piraeus, Greece.

4.

The allegations of Paragraph 4 of the Complaint call for legal conclusions and do not require a response. To the extent a response is deemed necessary, the allegations of Paragraph 4 of the Complaint are denied.

5.

The allegations of Paragraph 5 of the Complaint call for legal conclusions and do not require a response. To the extent a response is deemed necessary, the allegations of Paragraph 5 of the Complaint are denied.

6.

The allegations of Paragraph 6 of the Complaint are admitted.

7.

The allegations of Paragraph 7 of the Complaint are denied, except to admit that Marine Managers was at all material times the manager of the TRIDENT NAVIGATOR.

8.

The allegations of Paragraph 8 of the Complaint are denied, except to admit that Marine Managers, as representative of Homeland Maritime, employed certain officers and crewmen to work onboard the TRIDENT NAVIGATOR.

9.

The allegations of Paragraph 9 of the Complaint are denied as written. It is admitted that on or about December 3, 2013, Marine Managers, as representative of Homeland Maritime, executed a contract of employment with Matthaios Fafalios for service onboard the TRIDENT NAVIGATOR as its Chief Engineer for a period of approximately seven (7) months.

10.

The allegations of Paragraph 10 of the Complaint are admitted.

11.

The allegations of Paragraph 11 of the Complaint are denied, except to admit that on or about January 18, 2014, the United States Coast Guard boarded the TRIDENT NAVIGATOR in the Port of New Orleans, and that a member of the vessel's engine room crew provided information to the Coast Guard which caused the Coast Guard to investigate the handling of oily waste onboard the vessel.

12.

The allegations contained in Paragraph 12 of the Complaint are denied, except to admit: that on or about January 24, 2014, the TRIDENT NAVIGATOR was detained in New Orleans; that to obtain her release, Defendants entered into an Agreement on Security with the United States; that the Agreement on Security required Defendants to deposit $800,000.00 in an escrow account to serve as substitute security for the vessel; and that Defendants agreed to continuing

paying salaries and certain expenses for crew members who the United States requested remain in Eastern District of Louisiana.

13.

The allegations of Paragraph 13 of the Complaint are denied, except to admit that Defendants appointed undersigned counsel to represent their interests during the USCG investigation.

14.

The allegations of Paragraph 14 of the Complaint are denied, except to admit that former Chief Engineer Fafalios demanded that the attorney to represent him would be George Gaitas.

15.

The allegations of Paragraph 15 of the Complaint are admitted.

16.

The allegations of Paragraph 16 of the Complaint are denied, except to admit: that Chalos commenced to provide legal services to Fafalios on or about February 6, 2014, and issued periodic invoices for those services; that those invoices were paid in full; and that on June 17, 2014, Defendants notified Chalos that the agreement to pay Fafalios's legal expenses was void *ab initio* and that they would not pay any further legal fees or expenses incurred on Fafalios's behalf subsequent to June 17, 2014.

17.

The allegations of Paragraph 17 of the Complaint are denied, except to admit that Chalos has continued to represent Fafalios since June 17, 2014, and has continued to submit bills for professional services to Defendants.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragrpah 19 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein, except to admit that trial of the criminal charges against Fafalios is set to commence on December 8, 2014.

20.

The allegations of Paragraph 20 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein. The allegation that Defendants are obligated to pay Chalos any amount(s) is denied.

21.

The allegations of Paragraph 21 of the Complaint are denied, except to admit that Defendants provided Chalos with notice that Defendants' agreement to pay Fafalios's legal fees and expenses was void.

22.

The allegations of Paragraph 22 of the Complaint are denied.

23.

Paragraph 23 of the Complaint does not require a response.  To the extent a response is deemed necessary, the re-alleged and incorporated allegations of the Complaint are respectively admitted and denied as set forth above.

24.

The allegations of Paragraph 24 state legal conclusions which do not require a response. To the extent a response is deemed necessary, the allegations are denied. Plaintiff's entitlement to the requested relief is denied.

25.

The prayer for relief is denied.

Respectfully submitted,

*/s Alan R. Davis*
Daniel A. Tadros, T.A. #21906
Alan R. Davis, #31694
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Marine Managers, Ltd. and Homeland Maritime, Ltd.**

Certificate of Service

I do hereby certify that I have on this 3rd day of December, 2014, served a copy of the foregoing pleading on counsel for all parties to this proceeding by ECF Filing.

 */s Alan R. Davis*
Alan R. Davis